FEE PAID

Professor Marquessa Margolin, LL.B, LL.M
Margolin & Associates LLP
13535 Ventura Blvd, Suite
Sherman Oaks, CA
P | (424) 382-8277
E | marquessa@margolinassociates.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SUSAN HANNAFORD, an individual
MARQUESSA MARGOLIN, an individual

Plaintiffs,

vs.

JEREMY SHEPHERD, an individual;
PP WEB PROS LLC, a California Limited
Liability Company; SCOTT LAMBORNE, an
individual, PEARLPARARISE.COM, INC, a
California Corporation, KEVIN RYAN
BEHRENDT, an individual, JEFFREY DEAN
DERMER, an individual, BORRIS
HARUTYUNYAN, an individual, BOYANA
IVANOVA BOUNKOVA, an individual,
MARKETING SPACE LLC, a Florida Limited
Liability Company, GOOGLE LLC, a Delaware
Limited Liability Company, YOUTUBE LLC, a
Delaware Limited Liability Company,
WIX INC, a Delaware Corporation,
GO DADDY INC, a Delaware Corporation
DOES 1-100.

Defendants

Case No.: **2:20-CV-03761-FMO-AGRx**

1. **COPYRIGHT INFRINGEMENT**
2. **TRADEMARK INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiffs Marquessa Margolin, an individual and Susan Hannaford, an individual ("Plaintiffs") allege herein as follows:

## NATURE OF THE ACTION

1. This is a case of conspiracy, criminal fraud, extortion, trade libel and trademark and copyright infringement by the patent and trademark law firm Dermer Behrendt, comprising of attorney Kevin Ryan Behrendt and Jeffrey Dean Dermer and their business partner Jeremy Shepherd and

- 1 -

his website design and SEO company PP Web Pros, a California Limited Liability.

2. Mr. Shepherd, by and through his business partners Dermer and Behrendt, and other attorneys and co-conspirators, abetted in a criminal scheme to defraud and extort their opponents by cybersquatting, cyber-counterfeiting, manufacturing counterfeit websites and email addresses impersonating their opponents, posting fake libelous negative reviews using countless false identities engaging in malicious trade libel, disparagement, extortion and trademark and copyright infringement reported to the Federal Bureau of Investigation Cyber Crime Unit ("Exhibit A").

## THE PARTIES

3. First Defendant, Jeremy Shepherd, an individual, and co-owner of the website and SEO Company, PP Web Pros LLC, a California Limited Liability Company.

4. Second Defendant, Scott Lamborne, an individual, and co-owner of the website and SEO Company, PP Web Pros LLC, a California Limited Liability Company.

5. Third Defendant, PP Web Pros LLC, a California Limited Liability Company, is at all material times, an entity operating at the same address, 10951 W Pico Blvd, Los Angeles, CA 90064.

6. Fourth Defendant, PearlParadise.com, Inc is a California Corporation operating from the same address as PP Web Pros LLC located at 10951 W Pico Blvd, Los Angeles, CA 90064.

7. Fifth Defendant, Kevin Ryan Behrendt, an individual, is a patent and trademark attorney that operates under the name Dermer Behrendt and is the business partner of Jeremy Shepherd.

8. Sixth Defendant, Jeffrey Dean Dermer, an individual is a patent and trademark attorney, the business partner of Kevin Ryan Behrendt, and a co-conspirator in this action and operates under the name Dermer Behrendt.

9. Seventh Defendant, Borris Harutyunyan, an individual, if this individual exists, is the registered owner of the business entitled Marketing Space LLC, a Florida Limited Liability Company and is the trademark owner of several marks including ScamExpert, ScamGuard, ScamReport amongst countless other websites that tout themselves a "SEO experts" that create negative reviews that will appear on the "First Page of Google Search Results" for a fee and "…receive compensation from some of the companies featured on our website" [to remove libelous content].

10. The web design of the "scam" websites by Marketing Space LLC are strikingly similar in design, code and layout to PP Web Pros LLC, a California Limited Liability Company.

11. Plaintiffs will amend this complaint, once the true names of the individuals are ascertained.

12. Eighth Defendant, Boyana Ivanova Bounkova, an individual is an attorney and co-connspirator of the criminal scheme alleged herein with a registered address located at 447 Sutter St Suite 506, San Francisco, CA 94108.

- 2 -

13. Ninth Defendant, Marketing Space LLC, a Florida Limited Liability Company maintain headquarters as a mailbox located at 340 S Lemon Ave #7164, Walnut, CA 91789.

14. Tenth Defendant, Google LLC, is a Delaware Limited Liability Company with headquarters at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

15. Eleventh Defendant, YouTube LLC, a California Limited Liability Company is a subsidiary of Google LLC with a headquarters office located at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

16. Twelfth Defendant, Wix, Inc is a Delaware Corporation with an address of 500 Terry A Francois, San Francisco CA 9415.

17. Thirteenth Defendant, Go Daddy Inc, is a Delaware Corporation with an office address at 14455 North Hayden Rd. Suite 219, Scottsdale AZ 85260

18. Fourteenth Defendant, ICANN Is a California Corporation with an address of 12025 Waterfront Dr. Suite 300, Los Angeles CA 90094.

## .VENUE AND JURISDICTION

19. Venue is within this Court as a substantial number of the defendants reside in this jurisdiction and all of the events or omissions giving rise to Plaintiff's claims occurred in the Central District of California. This Court has federal question jurisdiction in this matter in that Plaintiffs' seeks damages and injunctive relief against the Defendants, and each of them, named herein.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT)

20. Plaintiffs incorporate by reference as if set forth in full herein the allegations of Paragraph 1 through 16 of this Complaint.

21. Plaintiffs are, and at all material times hereto has been, the owner of the copyright work complained of herein, and did not authorize Defendants to copy, reproduce, advertise or use the design, images, logo or copyright creation. Defendants did not see or obtain any permission, consent or license from Plaintiffs for the copying, reproduction, or use of the design, images or logo, which was used, and tarnished at Plaintiffs expense.

22. Defendants' infringing acts alleged herein were willful, deliberate, and committed with prior notice and knowledge of Plaintiffs copyright.

23. Defendants' sought to profit from the unlawful use of the copyright material by promoting

1. Google Ads on the copyright content and have been unjustly enriched by the willful copyright and trademark infringement.

24. As a result of their malicious and deliberate actions, Defendants are liable to Plaintiffs for willful copyright infringement under 17 U.S.C Section 501.

25. Plaintiffs suffered, and will continue infringement under 17 U.S.C Section 501. Plaintiff suffered, and will continue to suffer, substantial damage to their professional, business, and professional reputation and goodwill, as well as losses in an amount not yet ascertained, but which will be determined according to proof.

26. In addition to Plaintiff's actual damages, Plaintiffs are entitled to damages pursuant to 17 U.S.C Section 504 (c), which should be enhanced by 17 U.S.C, Section 5049 (c)(2) because of Defendants' willful copyright infringement.

27. Plaintiff does not have an adequate remedy at law for Defendants' wrongful conduct in that (i) Plaintiff's copyright is unique and valuable property which has no readily determinable market value; (ii) the infringement by Defendants constitutes an interference with Plaintiffs' goodwill and professional reputation; and (iii) Defendants' wrongful conduct, and the damages resulting to Plaintiff therefrom, is continuing.

28. Defendants' acts of copyright infringement have caused Plaintiff irreparable injury, and Defendants' acts of copyright infringement have caused Plaintiff irreparable injury, and Defendants threaten to continue, and are continuing to commit these wrongful acts. 8. Plaintiffs' are also entitled to recover attorneys fees and costs of suit under 17 U.S.C Section 505.

## SECOND CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT)

29. Plaintiffs realleges and incorporates by reference paragraphs 1 through 27 as set forth fully herein.

30. Defendants have infringed Plaintiffs' Marks in violation of Plaintiff's proprietary rights. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code § 17200 *et seq,* and under the common law of the State of California, entitling Plaintiffs to relief.

31. Defendants have unfairly profited from the infringing actions alleged.

32. Pursuant to California Business and Professions Code § 17203, Defendants are required to disgorge and restore to Plaintiff all profits and property acquired by means of Defendants' unfair competition.

33. Due to the conduct of the Defendants, Plaintiff has suffered irreparable harm, and Plaintiffs' remedies at law is not adequate to compensate Plaintiff for the damages caused by Defendants.

34. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to California Business and Professions Code §17203. Plaintiff is informed and believes and on that basis alleges that Defendants' conduct has been intentional and willful and in conscious disregard of Plaintiffs' rights and therefore, Plaintiff is entitled to its attorneys' fees.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, and each of them, that the Court enter a judgment that Defendants have:

(i) violated the rights of Plaintiff in the Marks in violation of 15 U.S.C § 11259(d);

(ii) violated the rights of Plaintiff in the Marks in violation of 15 U.S.C § 1114 (1);

(iii) violated the rights of Plaintiff in the Marks in violation of 15 U.S.C § 1125(a);

(iv) violated the rights of Plaintiff in the Marks in violation of 15 U.S.C § 1125(c);

(v) infringed the rights of the Plaintiff in the Marks in violation of California Business and Professions Code §14320; and

(vi) infringed the rights of Plaintiff in the marks in violation of California Business and Professions Code § 17200 and the common law;

B. That Defendants be ordered to transfer to Plaintiff the Infringing Domain Names, and any other domain names they own which are identical or confusingly similar to Plaintiff's Marks;

C. That the Defendants be ordered to cease and desist from using the copyright content of the Plaintiffs in any manner online, or otherwise and for any other relief as may be appropriate.

Dated: April 17, 2020

_____          _____
Professor Marquessa Margolin, LL.B, LL.M        Susan Hannaford, Dip, Ed, Hons.

### DEMAND FOR JURY TRIAL

Dated: April 17, 2020

_____          _____
Professor Marquessa Margolin, LL.B, LL.M        Susan Hannaford, Dip, Ed, Hons.





I xtremely Urgent

**For FedEx Express® Shipments Only**

Contents should be compatible with the container and packed securely. For shipping terms and conditions and our limits of liability, refer to the applicable FedEx Express shipping document, the current FedEx Service Guide, or conditions of carriage.

For more information on FedEx Express services, solutions, and shipping locations, go to **fedex.com**, or contact your nearest FedEx location.

© 2018 FedEx 155475/155476 REV 3/18



See how FedEx connects the world in responsible and resourceful ways at **environment.fedex.com**. Join our efforts by recycling this FedEx envelope.