UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3761 FMO (AGRx) | Date | May 11, 2020 |
|---|---|---|---|
| Title | Susan Hannaford, et al. v. Jeremy Shepherd, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

On April 24, 2020, Susan Hannaford and Marquessa Margolin (collectively, "plaintiffs") filed a Complaint against Jeremy Shepherd, Scott Lamborne, PP Web Pros LLC, PearlParadise.com, Kevin Ryan Behrendt, Jeffrey Dean Dermer, Boris Harutyunyan, Boyana Ivanova Bounkova, Marketing Space LLC, Google LLC, YouTube LLC, Wix, Inc., Go Daddy Inc., and ICANN (collectively, "defendants") alleging claims for copyright and trademark infringement. (See Dkt. 1, Complaint at ¶¶ 1-18, 20-34). Plaintiffs allege that several defendants are California residents or companies based in California. (See id. at ¶¶ 3-6, 10-16, 18). But plaintiffs make no allegation as to the residence of defendants Kevin Ryan Behrendt, Jeffrey Dean Dermer, and Boris Harutyunyan. (See id. at ¶¶ 7-9). Additionally, plaintiffs allege that defendant Go Daddy Inc. "is a Delaware Corporation with an office address at 14455 North Hayden Rd. Suite 219, Scottsdale[,] AZ 85260[.]" (Id. at ¶¶ 17).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 571 U.S. 117, 126, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when a defendant's contacts with the forum state are "so continuous and systematic as to render it essentially at home." Id. at 138, 134 S.Ct. at 761 (quotation and alteration marks omitted). The court may assert specific personal jurisdiction over a nonresident defendant if three requirements are met: "(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). The court engages in "purposeful availment" analysis for contract cases and "purposeful direction" analysis for tort cases. See id. The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 571 U.S. 277, 284, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3761 FMO (AGRx) | Date | **May 11, 2020** |
|---|---|---|---|
| Title | **Susan Hannaford, et al. v. Jeremy Shepherd, et al.** | | |

"[F]or claims of copyright infringement[,] venue is proper in the district in which the defendant or his agent resides or may be found. The Ninth Circuit interprets [28 U.S.C. § 1400] to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." Adobe Sys. Inc. v. Blue Source Grp., Inc., 125 F.Supp.3d 945, 959 (N.D. Cal. 2015) (internal citation and quotation marks omitted). As to personal jurisdiction, the Ninth Circuit has noted that while "a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what Walden requires" and that "mere satisfaction of the test outlined in Washington Shoe, without more, is insufficient to comply with due process." Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1070 (9th Cir. 2017) (referring to Walden v. Fiore, 571 U.S. 277, 134 S.Ct. 1115 (2014) and Washington Shoe Co. v. A-Z Sporting Goods Inc., 704 F.3d 668, 670 (9th Cir. 2012)).

Plaintiffs fail to explain the basis for personal jurisdiction over defendants Kevin Ryan Behrendt, Jeffrey Dean Dermer, Borris Harutyunyan, and Go Daddy Inc. (See, generally, Dkt. 1, Complaint). Plaintiffs claim that venue is proper in this District because "a substantial number of defendants reside in this jurisdiction and all of the events or omissions giving rise to Plaintiff[s'] claims occurred in the Central District of California." (Id. at ¶ 19). But plaintiffs' venue allegation does not comport with the venue requirements specific to claims for copyright infringement, set forth above. (See, generally, id.).

Based on the foregoing, IT IS ORDERED that, no later than **May 26, 2020**, plaintiff shall file a First Amended Complaint addressing the deficiencies noted above. The Order to Show Cause will stand submitted upon the filing of a First Amended Complaint that addresses the issues raised in this Order on or before the date indicated above. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order; or (2) transfer of the instant action to the appropriate venue**. See Fed. R. Civ. P. 41; Baeza v. Baca, 700 F.Appx. 657 (9th Cir. 2017) (upholding dismissal for failure to prosecute); Link v. Wabash R. Co., 370 U.S. 626, 629-31, 82 S.Ct. 1386, 1388 (1962) ("expressly recogniz[ing]" the "inherent power" of a "court to dismiss sua sponte for lack of prosecution[.]"); Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (explaining that when a case lays venue in the wrong district, 28 U.S.C. § 1406(a) "requires a transfer, however, only in cases where it is in 'the interest of justice.'").

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |